516 A.2d 130

Brian Puricelli, Appellant *v.* Borough of Morrisville, Appellee.

Argued September 8, 1986, before Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Theodore M. Kravitz,* for appellant.

*Denis W. Lanctot,* with him, *Joseph W. McGuire, Krusen, Evans and Byrne,* for appellee.

OPINION BY JUDGE MACPHAIL, October 21, 1986:

This matter is before our Court on appeal from an action in mandamus brought by Appellant Brian Puricelli in the Court of Common Pleas, Bucks County. We affirm that Court's order granting Appellee Borough of Morrisville's Motion for Summary Judgment.

Appellant sat for a written and oral civil service examination in April 1983, conducted to fill a full-time police officer's position with the Morrisville Police Department. He received the third highest score to which was added a five-point veterans' preference for prior, part-time service as a Morrisville policeman thus causing Appellant to be the second highest scoring candidate. According to the Borough, his name was included on a list of the top three candidates certified by the Morrisville Civil Service Commission as being eligible for the position.[1] In September 1983 the position was filled by the highest scoring candidate.

On February 1, 1984, Appellant filed a complaint in mandamus requesting the trial court to order the Borough to appoint him to the vacancy. The Borough filed a Motion for Summary Judgment which was granted by Judge PAUL BECKERT of the Common Pleas Court. Appellant filed an appeal with the Superior Court and by order entered July 24, 1985 the case was transferred to this Court.

Appellant contends that the Borough violated procedures for appointing police officers as set forth in Section 1184 of The Borough Code (Code)[2] and that it

---

[1] *See* Exhibit C attached to the Borough's answer containing new matter. Neither in his brief nor at oral argument did Appellant contend that such certification was not given. His contention is that *he* was not notified that his name had been certified on the eligibility list sent to the Borough.

[2] Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46184.

wrongfully neglected to conduct a competitive physical examination which he believes is required by Section 1189 of the Code[3] and Morrisville Civil Service Commission Rule 502. He also argues that the selection process was tainted by political considerations. We have carefully considered Appellant's contentions and believe that Judge BECKERT has correctly construed the relevant statutory provisions in reaching his well-reasoned conclusion.

We accordingly affirm on the basis of Judge BECKERT's opinion, reported at 47 Bucks Co. L.R. 173 (C.P. Pa. 1985).

### ORDER

The order of the Bucks County Court of Common Pleas dated June 12, 1985 is affirmed.

---

[3] 53 P.S. §46189.